IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANNA WILLIAMS-BRIGGS, § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. _____ |
| § | Jury Trial Demanded |
| TEXAS DEPARPTMENT OF § | |
| AGRICULTURE, § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Anna Williams-Briggs, hereinafter called Plaintiff, complaining of Texas Department of Agriculture (hereinafter referred to as "Defendant") and in support of said cause of action, the Plaintiff would respectfully show the Court the following:

### I. Parties

1.     Plaintiff Anna Williams-Briggs is an individual and resident of Richmond, Texas.

2.     Defendant the Texas Department of Agriculture is a state agency, conducting business in the state of Texas.  Defendant may be served by serving the Texas Secretary of State, Rolando B. Pablos at 1019 Brazos, Room 105, Austin, Texas 78701; or by serving Texas Department of Agriculture Commissioner Sid Miller at 5425 Polk Street, #G20, Houston, Texas 77023.

### II. Jurisdiction

1

3. The action arises under 42 U.S.C. Section 1981 et. seq. as hereinafter more fully appears.

### III.  Nature of Action

4. This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability and retaliation on basis of disability.

### IV.  Exhaustion of Administrative Procedures

5. All conditions precedents to jurisdiction have occurred or been complied with a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of Equal Employment Opportunity Commission's issuance of a right to sue letter.

### V. Jury Demand

6. Plaintiff asserts her individual right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### VI. Facts

7. Plaintiff was initially hired by Defendant on or about January 1, 2017 as a Program Review Specialist, III in the Food and Nutrition Community Operations.

8. Within weeks of Plaintiff's employment, she began to suffer severe allergic reactions due to the poor indoor air quality. Specifically, Plaintiff began to suffer severe headaches, nose bleeds and difficulty breathing.

9. On or about January 10, 2017, Plaintiff was given time off from work to attend a doctor's appointment for diagnosis of her severe symptoms. Plaintiff was ultimately diagnosis with an upper respiratory infection and swelling of the eyes, throat and inner ear pain resulting from consistent exposure to mold.

11. Upon her return to the office, Plaintiff advised her immediate supervisors of her condition and requested an alternate workspace. However, she was advised that she would have to suffer through the symptoms and wait approximately two weeks before the transition would occur.

12. During this period, Plaintiff discovered that her office building had been previously flooded and had not been properly remediated after flood. If fact, she learned that since her office was located in the basement, the flood waters remained in her office for a long period. Plaintiff then requested mold testing in her work area and Defendant only vacuumed the floors and purchased floor mats. She continued to request formal mold testing until Defendant finally complied. Mold test revealed mold in her office.

13. Plaintiff again requested to an alternate workspace, i.e. working on a different floor or a spare office, which was available. However, her request was denied. Plaintiff, with the recommendation of her treating physician, then requested to work from home. Her request was again denied, even though many employees throughout the agency were provided the opportunity to work from home.

14. Tracy Mueck and Karen Cade then began to retaliate against Plaintiff and created a hostile work environment. Plaintiff was subject to intimidation, public humiliation and belittlement, and lack of support.

15. The discrimination and retaliation began when Plaintiff requested to work from home and was subsequently denied, even though there were several home positions available.

16. Defendant failed to provide reasonable accommodations to Plaintiff's disability.

17. Due to the lack of support, deceptive communication and hostile work environment, Plaintiff was forced to resign from her position in order to recover from her health issues.

18. Plaintiff was discriminated based on her disability and the Defendant failed to provide reasonable accommodations.

## VII. Americans with Disability Act

19. Incorporating the facts in paragraphs 7-18 Plaintiff asserts Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.

20. Defendant intentionally discriminated against Plaintiff in connection with the terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

21. At all material times, Plaintiff was able to perform the essential functions of her position with accommodation. Plaintiff has a disability and is regarding as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of her disability and perception of having a disability.

22. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

## VI.  Damages

23. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary attorney's fees incurred by or or on behalf Plaintiff;

    b. Back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Expert fees as the Court deems appropriate;

    e. Mental anguish in the past;

    f. Mental anguish in the future;

    g. Loss of earnings in the past;

    h. Loss of benefits; and

    g. All other relief the court deems reasonable and appropriate.

## VII.  Exemplary Damages

24. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the

protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recover from Defendant for exemplary damages.

### IX. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Anna Williams-Briggs, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,



3100 Richmond Ave., Ste. 480
Houston, TX 77098
Tel: (713) 349-9299
Fax: (713) 800-4974


By: */s/Shelly M. Davis-Smith*
    Shelly M. Davis-Smith
    Attorney-in-Charge
    State Bar No. 24050487
    Southern District Bar No: 629020
    sms@thedavislawfirm.com
    Attorney for Plaintiff
    Anna Williams-Briggs